COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, McClanahan and Senior Judge Coleman


LINWOOD W. BURT

v.      Record No. 1755-03-1

McLEAN CONTRACTING COMPANY AND
 FIDELITY & CASUALTY INSURANCE
 COMPANY

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 21, 2003


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Linwood W. Burt, pro se, on brief).

No brief for appellees.


Linwood W. Burt (claimant) contends the Workers' Compensation Commission erred in

finding that there was no probable cause to docket his December 11, 2002 claim for permanent

total disability (PTD) benefits. Upon reviewing the record and opening brief, we conclude that

this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule

5A:27.[1]

On July 2, 2002, Deputy Commissioner Lahne issued an opinion in response to this

Court's September 25, 2001 remand "for specific determination as to whether sanctions should

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Because we summarily affirm the commission's June 6, 2003 decision, we need not address the Motion to Dismiss and Motion to Exclude Evidence and Motion to Dismiss filed by McLean Contracting Company and Fidelity & Casualty Insurance Company. We note that the matter raised in employer's motion to dismiss regarding claimant's failure to pay sanctions and costs as ordered by the commission must be resolved before the commission. In addition, we did not consider any evidence or issues raised by claimant on this appeal that were not properly before the commission when it rendered its June 6, 2003 decision.

be imposed as requested by the employer." As part of his July 2, 2002 opinion, Lahne entered an order providing as follows:

> The claimant, Linwood W. Burt, is hereby ordered to cease and desist from filing any further pleadings, writings, or documents with the Commission which seek to require the employer or the insurer to pay compensation benefits for any type of disability.
>
> Further, no pleadings, writings, or documents that relate to any other benefit that the claimant may seek under the Virginia Workers' Compensation Act shall be accepted by the Clerk of the Commission for filing unless and until said pleadings, writings and\or documents are reviewed by the Chief Deputy Commissioner of the Commission, or his\her designee, and a determination made that there is a substantial probability that the claimant would prevail if the matter were referred to the Commission's hearing docket.

Claimant sought no review from the order contained in the July 2, 2002 opinion, which provided that if claimant violated the order, he would be subject to sanctions for contempt of the commission. See Code § 65.2-202 (providing the commission with the power vested in courts and judges by Code § 18.2-456 to punish for contempt or disobedience of orders).[2]

On December 11, 2002, claimant filed an application for PTD benefits. On January 9, 2003, Chief Deputy Commissioner Link ordered claimant to appear before the commission to show cause why he should not be held in contempt for violation of the deputy commissioner's July 2, 2002 order.

---

[2] Because claimant did not seek review before the full commission of the deputy commissioner's July 2, 2002 order, it is final. In addition, claimant does not challenge the validity of the July 2, 2002 order on this appeal nor does he raise any argument regarding its constitutionality as applied to the facts of this case. Thus, we render no ruling as to the merits of the July 2, 2002 order.

After conducting the show cause hearing and reviewing all evidence admitted at the hearing, Chief Deputy Commissioner Link found no probable cause that claimant's claim for PTD benefits would succeed if the matter were referred to the evidentiary hearing docket. In so ruling, she summarized her findings and the evidence presented by claimant as follows:

> In his essentially uninterrupted testimony, the claimant admitted that the documents which he offered in evidence at the show cause hearing were old documents on which he had relied previously. Many of the documents bore exhibit stickers from previous hearings or were opinions written subsequent to reviews. The list of documents admitted in evidence above reveals that many of the documents are at least fifteen years old. The two Opinions of the Workers' Compensation Commission also admitted as exhibits demonstrate that the claimant has made the identical arguments and assertions in the past and that his arguments have been rejected by the Commission.

> \* \* \* \* \* \* \*

> Here the claimant complains of stiffness in his legs upon arising from bed and muscle spasms. There is no medical evidence whatsoever that the claimant is permanently and totally disabled. He does not meet any of the criteria set forth in Va. Code Ann. § 65.2-503 for permanent total disability. A reasonable person observing the claimant walking, standing, sitting, and testifying could not conclude that he is permanently and totally disabled based upon the enumerated standards.

In affirming the Chief Deputy Commissioner's decision, the commission found as follows:

> The Commission has previously entered an award for permanent partial disability benefits and the claimant has submitted no new evidence in support of his claim for permanent partial disability benefits. The claimant's testimony that he continues to suffer from pain and other symptoms is not sufficient to prove that he has a ratable permanent partial disability. Moreover, as we have held on numerous occasions, this claim is barred by the statute of limitations and the principles of res judicata.

> The Chief Deputy Commissioner's Opinion finding no probable cause for docketing the claimant's application is AFFIRMED as is the Order requiring the claimant to pay a fine and attorney's fee.

Based upon the medical evidence in the record and claimant's testimony, the commission, as fact finder, could reasonably conclude that there was no probable cause that claimant's claim for PTD benefits would succeed if the matter were referred to the evidentiary hearing docket. Accordingly, we cannot find as a matter of law that the commission erred in refusing to docket claimant's application.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>